**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Theresa Ravenell**<br>**aka Theresa Lake,**<br>**Debtor.**<br>**Cascade Funding Mortgage Trust HB13,**<br><br>**Movant,**<br>**v.**<br>**Theresa Ravenell**<br>**aka Theresa Lake,**<br>**Debtor/Respondent,**<br>**KENNETH E. WEST,**<br>**Trustee/Additional Respondent.** | **Bankruptcy No. 26-11441-djb**<br><br>**Chapter 13** |

**ORDER**

AND NOW, this day of , 2026, upon consideration of Cascade Funding Mortgage Trust HB13's Motion for Relief from Automatic Stay, pursuant to 11 U.S.C. § 362(d), any response thereto and this Court's finding that the collateral property is not necessary for an effective reorganization, it is hereby

ORDERED, that the automatic stay provisions of Section 362 of the United States Bankruptcy Code are hereby unconditionally terminated with respect to Cascade Funding Mortgage Trust HB13; and it is further

ORDERED, that Cascade Funding Mortgage Trust HB13, its successors and/or assigns are permitted to proceed with appropriate state court remedies against the real property located at 5606

Woodcrest Avenue, Philadelphia, Pennsylvania 19131, including without limitation, Sheriff Sale of the real property, and it is further

~~ORDERED that Cascade Funding Mortgage Trust HB13's request to waive the 14-day stay period pursuant to Fed.R.Bankr.P. 4001(a)(4) is GRANTED, and it is further~~

ORDERED that the Chapter 13 Trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or Order to the contrary, Movant must return to the Trustee any payments received from the Trustee on account of Movant's secured claim after entry of this Order.

BY THE COURT:

Dated: August 20, 2026

Derek J Baker
U.S. Bankruptcy Judge